UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DR SYSTEMS, INC.,

               Plaintiff,

v.

EASTMAN KODAK COMANY

               Defendants.

Civil Action No. 08-MC-6029T

**REPORT AND RECOMMENDATION**

Introduction

    Pursuant to the Court's Order of November 24, 2008, the undersigned was appointed Special Master to issue a Report and Recommendation on the motion to compel filed by Plaintiff DR Systems, Inc. against non-party Carestream Health, Inc. The parties briefed the motion when it was initially filed, met and conferred and narrowed their differences, and thereafter the matter was referred to me for resolution. The parties also participated in a conference call with me during which the dispute was discussed.

    Having considered the parties' submissions, the following constitutes my Report and Recommendation regarding the motion to compel.

Background

    Plaintiff DR Systems, Inc. ("DR") has brought a declaratory judgment action in the United States District Court for the Southern District of California against Eastman Kodak Company ("Kodak") seeking a declaration that DR does not infringe Kodak's U.S. Patent No.

1

5424811 ("the '811 patent") and that at least certain claims of the patent are not valid. In the course of that litigation, DR issued a subpoena to non-party Carestream Health, Inc. ("Carestream") seeking information asserted by DR to be relevant to the California litigation. Carestream timely objected to the discovery. The parties met and conferred in an effort to resolve their differences. After being completely unsuccessful in those efforts, DR moved to compel in this Court to obtain the requested information. The discovery being sought includes documents and a deposition.

After the motion was filed, DR and Carestream again conferred and were able to narrow further their differences. According to Exhibit A appended to the parties' joint letter of November 19, 2008 the sole issues in dispute concern Carestream's objections to (1) producing documents that pre-date 1992 concerning the conception and reduction to practice of Kodak's PACS (specifically, the workstation that is capable to display medical images on a display screen) and (2) producing a witness to testify about the deposition topics noted in Exhibit A, which is appended hereto as Exhibit A.

The Parties

As noted, DR and Kodak are involved in litigation over the '811 patent. Carestream is a non-party to that litigation. As a non-party, the court is to assure that reasonable steps have been taken to avoid imposing undue burden or expense on the subpoenaed party. Rule 45(c), Fed. R. Civ. P. Although a non-party to the California litigation, it is undisputed that (1) Carestream is a successor to certain Kodak assets related to the Kodak PACS, (2) Carestream is licensed under the '811 patent, (3) Carestream does not mark products with the '811 patent, and (4) Carestream has already conducted some investigation into locating responsive documents. In support of its refusal to produce the requested documents and witness, Carestream relies upon its written

submissions and objections and the Declaration of Julie M. Lewis, its Managing Counsel & Director of Litigation. Ms. Lewis' Declaration is appended hereto as Exhibit B. In support of its motion, DR relies upon its written submissions and an August 21, 2008 letter from Stephen M. Hankins, counsel to Kodak in the California litigation which letter is appended hereto as Exhibit C. According to that letter, Kodak had searched its files and "[a]ll of these documents were transferred to Carestream." DR also relies upon a Minute Order in the California litigation in which Kodak was ordered to produce information responsive to DR's First Set of Requests for Production. Those requests are not of record.

The Pre-1992 Documents

DR seeks documents relating to the pre-1992 conception and development of the Kodak PACS system. DR contends that the documents are relevant because they may lead to discoverable information relating to prior art. An applicant for a patent owes a duty of candor to the U.S. Patent and Trademark Office ("PTO") to disclose information deemed material to patentability. While the definition of materiality has changed over time, such duty existed in 1993 when the application maturing into the '811 patent was filed and prosecuted at the PTO. See, 37 C.F.R. §1.56 (7-1-93 Edition).

Carestream objects to providing the information as being irrelevant, burdensome or because the request is vague. According to Carestream, the request is not limited to the patent-in-suit and thus is vague. Carestream contends that it has searched some otherwise unspecified records and has found nothing, such as old manuals, that pre-date 1992. Carestream argues that because the information is more than 15 years old, it will be burdensome to search for it.

Carestream does not explain how it was able to search some records for responsive materials without incurring undue burden or expense, but that it will be unduly burdensome to

search other files for responsive materials. While Carestream submits the Declaration of its Ms. Lewis to support its objections to the production, Ms. Lewis does not address whether or how reviewing Carestream's files for the requested information would be burdensome or require undue expense. Considering that she acknowledges that Carestream and Kodak "were parties to an Asset Purchase Agreement relating to transfer of Kodak's medical imaging business", it would not be surprising if included in the transferred assets were at least some of the documents DR seeks. Neither party has provided a copy of the Asset Purchase Agreement. Clearly Ms. Lewis could have stated that responsive materials were not transferred pursuant to that Agreement.

As the party seeking to avoid production of information sought by subpoena, the burden is upon Carestream to establish why it should not be required to produce responsive materials. *Hawks v. Diina*, 2006 WL 2806557 *2 (W.D. N.Y. 2006). Arguments of counsel are not evidence and there is no evidentiary record sufficient for me to find that production of the requested documents or at least an inquiry into their existence will be unduly burdensome. It is therefore recommended that Carestream produce the pre-1992 materials.

The Deposition

Carestream objects to providing a witness to testify about the five topics set forth in Exhibit A. Carestream objects to producing a witness on the grounds that either the topic is vague or that DR can secure the testimony through a deposition of Kodak. Carestream also offers to provide an affidavit that it does not mark any product with the '811 patent number as would be required under 35 U.S.C. § 287.

Topic 1 set forth in Exhibit A seeks testimony about the Carestream "documents produced". Considering that Carestream has agreed to produce many of the originally requested

categories of documents, it has implicitly acknowledged that those documents are responsive. Because they are responsive and possibly either relevant or likely to lead to the discovery of admissible evidence, DR should be entitled to a witness who can testify about the documents. Documents do not speak for themselves. Moreover, testimony about the documents might lead to the identification of other documents and information relevant to the litigation.

It is my recommendation that Carestream's objection be overruled and that it produce a witness to testify as to Topic 1.

Topic 2 of Exhibit A seeks testimony about the "subject matter identified in the above document requests". Carestream again objects that the request is vague and overly broad. I must agree that the inquiry seems rather vague. For example, among the documents requested are "Documents relating to DR Systems from 1993-present". The parties have apparently reached some understanding about the types of documents to be produced, but what those are has not been made of record. It is not apparent to me how Carestream is to prepare a witness to testify or how many witnesses might be required to testify. Furthermore, the Topic seeks a witness to testify as to the "subject matter identified in the above document requests" and not a witness to testify about the subject matter in the produced documents. It thus is not apparent about the witness is to testify.

In view of the lack of vagueness of the request, it is my recommendation that the objection with respect to Topic 2 be sustained.

Topic 3 of Exhibit A seeks testimony about the Carestream license with Kodak regarding the '811 patent. Carestream argues that DR can obtain that testimony from Kodak. While DR can no doubt obtain testimony from Kodak regarding the license, that fact alone is not sufficient to preclude Carestream from testifying about the license. "Similarly, the theoretical availability

of information from another source is not a reason, in itself, to preclude non-party discovery." *Gucci America, Inc. v. Ashley Reed Trading, Inc.*, 2001 WL 1173503 *2 (S.D. N.Y. 2001).

Carestream admits that it is licensed under the '811 patent and states that it does not mark any product with the '811 patent number. Considering that Carestream is licensed under the '811 patent, testimony about the license would seem relevant to damages, at the very least. Assuming that the '811 patent is infringed by DR, then Kodak is entitled to damages under 35 U.S.C. § 284. Those damages can include lost profits and/or a reasonable royalty. The license is not of record. Whether the license is royalty-free or royalty-bearing, DR should be free to explore the topic in order to obtain testimony about the royalty that might be reasonable on account of infringement. A royalty called for under prior licenses may be relevant to the royalty available on account of infringement. *Studiengesellschaft Kohle M.B. H. v. Dart Industries*, 862 F.2d 1564, 1568 (Fed. Cir. 1988). I therefore recommend that the objection to this topic be overruled and the Carestream provide a witness with respect to Topic 3.

Topic 4 of Exhibit A seeks a witness to testify about "[m]arking of Caresteam's products with the '811 patent number". 35 U.S.C. § 287 places the obligation to mark on the patent owner and those "making or selling any patented article for or under them." See *Devices for Medicine, Inc. v. Boehl*, 822 F.2d 1062, 1066 (Fed. Cir. 1987); *Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1111-12 (Fed. Cir. 1996), *cert. denied*, 520 U.S. 1115 (1997). Carestream argues and its Ms. Lewis states that it does not mark any product with the '811 patent number. Carestream offers to provide an affidavit to that effect. Unfortunately, an affidavit is not normally admissible evidence at trial. Because an affidavit will typically be considered hearsay under Rule 801, Fed. R. Evid., and not be admissible evidence that DR can rely upon at trial in seeking to address the issue of damages, I therefore recommend that the objection to Topic 4 be overruled and that

Carestream provide a witness to testify on the topic.

Topic 5 of Exhibit A seeks a witness to testify about the "Operation of Carestream's PACS". Caresteam objects. DR seeks the testimony in support of its damages evidence. In short, DR contends that under Kodak's construction of the claims of the '811 patent, the claims cover at least some of the Carestream PACS systems and that accordingly those PACS systems should have been marked with the '811 patent number. Carestream has agreed to produce documents "sufficient to determine how Carestream's current PACS operates". Considering that Carestream has agreed to provide these documents, then it should correspondingly produce a witness who can testify about those products. Assuming DR is correct and that the products are covered by the claims of the patent, then failure to mark would be relevant to recovery of damages. 35 U.S.C. § 287; *Devices for Medicine, Inc., supra.*

It is therefore recommended that this objection be overruled and that Carestream produce a witness to testify with regard to Topic 5.

Conclusion

For the reasons given herein, it is my recommendation that Carestream produce "[d]ocuments that pre-date 1992 concerning the conception and reduction to practice of Kodak's PACS (specifically, the workstation that is capable to display medical images on a display screen)". It is my further recommendation that Carestream produce for deposition a witness or witnesses who can testify as to Topics 1 and 3-5 of Exhibit A.

Respectfully,

Joseph W. Berenato, III

Cc: Counsel of record

Exhibit A

Documents

- Documents that pre-date 1992 relating to the conception and development of Kodak's PACS (specifically, the workstation that is capable to display medical images on a display screen).
- Documents relating to the Kodak/Vortech joint venture, including their joint development of the Kodak Ektascan Imagelink system.
- Documents sufficient to determine how Carestream's current PACS operates.
- Documents relating to DR Systems from 1993-present.
- Documents relating to the marking of Carestraem's products with the '811 patent number.
- Documents relating to the licensing of the '811 patent.

Deposition topics

- All documents produced.
- The subject matter identified in the above document requests.
- Carestream's license under the '811 patent license agreement between Kodak and Carestream.
- Marking of Carestream's products with the '811 patent number
- Operation of Carestream's PACS

Exhibit B

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DR SYSTEMS, INC.,

                        Plaintiff,

-vs-

EASTMAN KODAK COMPANY,                    6:08-MC-6029T

                        Defendant.

EASTMAN KODAK COMPANY,

                        Counterclaimant,

-vs-

DR SYSTEMS, INC.,

                        Counterclaim Defendant.

I, Julie M. Lewis, do hereby state as follows:

1.     I am the Managing Counsel & Director of Litigation of non-party Carestream Health, Inc. ("Carestream Health") in this action. I make this declaration in opposition to the motion of DR Systems, Inc. to compel compliance with the subpoenas issued on July 13, 2008. A copy of the subpoena *duces tecum* is attached as Exhibit "A". Carestream Health timely served objections to the subpoenas issued by DR Systems on or about August 5, 2008. A copy of the objections is attached as Exhibit "B".

2.     Carestream Health is an international provider of medical and dental imaging systems, information technology solutions, molecular imaging systems, and non-destructive testing products.

3. In May of 2007, Onex Corporation ("Onex") acquired the Health Group of Eastman Kodak Company. Upon closing, Carestream Health began operating independently as a stand-alone company within the Onex family of companies.

4. In June of 2007, Kodak sold its medical imaging arm to Carestream Health.

5. Kodak and Carestream Health were parties to an Asset Purchase Agreement related to the transfer of Kodak's medical imaging business.

6. The '811 Patent was not assigned to Carestream Health and is held by Kodak as indicated by the records of the United States Patent and Trademark Office ("USPTO"). Attached as Exhibit "C" are USPTO records regarding the '811 Patent.

7. Kenneth Parulski and David Funston, the inventors on the '811 Patent, are not employees of Carestream Health.

8. Carestream Health has a non-exclusive license to practice the technology of the '811 Patent under the Asset Purchase Agreement.

9. Carestream Health is not permitted to license the patent to others under the Asset Purchase Agreement.

10. Carestream Health does not mark its products with the patent number of the '811 Patent.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 9, 2008.

/s/Julie M. Lewis

2

Exhibit C



Stephen M. Hankins
415-901-8700
shankins@schiffhardin.com

ONE MARKET
SPEAR STREET TOWER
THIRTY-SECOND FLOOR
SAN FRANCISCO, CA 94105
t 415.901.8700
f 415.901.8701
www.schiffhardin.com

August 21, 2008

**VIA ELECTRONIC MAIL AND FEDERAL EXPRESS**

Ms. Dina Hayes, Esq.
Niro, Scavone, Haller & Niro
181 West Madison Street - Suite 4600
Chicago, IL 60602-4635

Re:   *DR Systems, Inc. v. Eastman Kodak Co. and Related Counterclaims*

Dear Dina:

From your recent emails it is apparent that DR will proceed with a motion to compel without further effort to resolve or even specify the vague objections it has raised to Kodak's document production. We write to update you on Kodak's production and in an additional effort to clarify the record as to outstanding issues.

Per our phone call last week, enclosed is a CD containing Kodak's supplemental production of documents. This production includes technical and marketing documents relating to PhotoCD, and the Asset Purchase Agreement by which Kodak's medical imaging business was transferred to Carestream Health, Inc.

As we indicated in a letter dated August 5, and reiterated during our calls on August 13 and 15, Kodak will produce those licenses it has located referring to the '811 patent. The terms of those licenses require that prior approval from the licensees be obtained before production can occur. Upon receipt of approval, the licenses will be promptly produced to you.

With respect to the prosecution-related non-public documents that you have requested, specifically pending and abandoned applications within the '811 family, Kodak reiterates its position that it has provided you with all of the non-privileged documents in its possession, custody or control after a reasonable search.

Lastly, per our recent meet and confer, Kodak has searched for documentation regarding its prior medical imaging products such as the DirectView product line. All of these documents were transferred to Carestream. There may be some responsive information as to sales figures for these products prior to for the time period prior to the Carestream transaction which we have requested and will produce if located.



Ms. Dina Hayes, Esq.
August 21, 2008
Page 2

    Please confirm what if any issues you view as outstanding prior to including them in any motion to compel so that we may resolve them if possible.

Very truly yours,

*[signature]*

Stephen M. Hankins

SMH/dg
Enclosure (via Federal Express)